UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT SWANN, individually and on          )
behalf of the Estate of VALERIE SWANN,     )
deceased, et al.,                          )
                                           )
            Plaintiffs,                    )
                                           )
v.                                         )      Case No. 4:17-CV-1845 SNLJ
                                           )
JOHNSON & JOHNSON, et al.,                 )
                                           )
            Defendants.                    )

## MEMORANDUM AND ORDER

This case comes before the Court on plaintiffs' emergency motion to remand (#70)

and motion to expedite ruling on plaintiffs' emergency motion to remand (#75).  The

removing defendants oppose plaintiffs' motion to remand; alleging that this Court should

address the issue of personal jurisdiction, in light of the United States Supreme Court's

ruling in *Bristol-Myers Squibb v. Superior Court of California*, 137 S. Ct. 1773 (2017),

before addressing subject matter jurisdiction.  The matters are fully briefed and ripe for

disposition.

### I.      Background

This case was originally filed on July 31, 2014 in Missouri state court.  The 62

plaintiffs from 28 states – including Missouri, New Jersey, and California – claimed they,

or a family member, were each injured as a result of their use of defendants' talc

products.  The defendants, citizens of New Jersey, Delaware, and California, removed the

action to federal court on September 10, 2014, based on diversity jurisdiction.  The

problem, however, was that the parties were not diverse on the face of the complaint.  To

address this issue, defendants argued that many of the out-of-state plaintiffs – including

plaintiffs from New Jersey and California – were procedurally misjoined – having no

connections to the state of Missouri.  Further, defendants maintained that the court should

have addressed personal jurisdiction before addressing subject matter jurisdiction – which

would have allowed the court to remove all of the procedurally misjoined plaintiffs and

therefore established diversity jurisdiction in this Court.  Apparently, this group of

plaintiffs, like many others, were purposefully, but legally, created as a strategic means to

avoid this Court's subject matter jurisdiction both under diversity jurisdiction and the

Class Action Fairness Act ("CAFA").

Some two and a half years ago, this Court, citing the non-diversity of the parties

and ruling against the defendants' misjoinder arguments, remanded the action back to the

Circuit Court of the City of St. Louis.  *Swann v. Johnson & Johnson*, Case No. 4:14-CV-

1546 CAS, 2014 WL 6850776 (E.D. Mo. Dec. 3, 2014).  The Court ruled, as many have

in this district, that subject matter jurisdiction was a straightforward legal issue as

compared to the fact-intensive inquiry of personal jurisdiction.  The parties then engaged

in several contentious years of litigation in state court.

However, on June 19, 2017, the United States Supreme Court in *Bristol-Myers*

*Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (June 19, 2017), essentially

"changed the game" as it relates to these types of actions.  The Court held that to have

specific personal jurisdiction, the suit "must aris[e] out of or relat[e] to the defendant's

contacts with the forum."  *Id.* at 1780 (internal quotation omitted).  Specifically, there

2

must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the state's regulation." *Id.* Following the *Bristol-Myers Squibb Co.* ruling, this Court has addressed personal jurisdiction before subject matter jurisdiction in at least one case because the personal jurisdiction "issue in [that] case [was] much easier to decide." *Siegfried v. Boehringer Ingelheim Pharmaceuticals, Inc.*, Case No. 4:16-CV-1942 CDP, 2017 WL 2778107, at *2 (E.D. Mo. June 27, 2017).

On June 29, 2017 – nearly three years after this case was initially filed in state court – the defendants again removed the action to this Court on substantially the same grounds as they did before. The defendants, citing *Bristol-Myers Squibb Co.*, contend that many of the plaintiffs are procedurally misjoined and should be dismissed from the action, which would leave diverse parties, enabling this Court's subject matter jurisdiction. Further, defendants maintain that removal is proper because plaintiffs engaged in bad faith by forum-shopping and securing a forum that plaintiffs believe will be more favorable to them and more hostile to the out-of-state defendants like those in this action. Plaintiffs moved for remand, alleging, *inter alia*, that "Plaintiffs have in no way, shape, or form engaged in 'bad faith' giving Defendants license to remove pursuant to 28 U.S.C. § 1332(a), nearly three years after this case was filed."

## II.    Legal Standard

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants, meaning that no plaintiff is a citizen of the same state as any defendant.

3

*OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  Removal based

upon diversity of jurisdiction "may not be removed . . . more than 1 year after

commencement of the action, unless the district court finds that the plaintiff has acted in

bad faith in order to prevent a defendant from removing the action."  28 U.S.C. §

1446(c)(1).  This one year rule trumps 28 U.S.C. § 1446(b)(3), which states that if a case

is not removable as stated in the initial pleading, "a notice of removal may be filed within

30 days after receipt by the defendant, through service or otherwise, of a copy of an

amended pleading, motion, order, or other paper from which it may first be ascertained

that the case is one which is or has become removable."  Put another way, the defendant

may remove an action up to 30 days after the defendant determines that the action is now

removable, but the 30 day window is subject to the maximum amount of time to remove

of 1 year.

 An action is commenced under 28 U.S.C. § 1446(c)(1) according to state law.  "In

Missouri, a civil action is commenced by filing a petition with the court" and "can only

be commenced once."  *Jackson v. C.R. Bard, Inc.,* 4:17-CV-974 CEJ, 2017 WL 2021087,

at *3 (E.D. Mo. May 12, 2017) (internal quotations omitted).  Thus, an amended petition

is not considered to be a new or different lawsuit and the original filing date controls.  *Id.*

This Court must strictly construe removal statutes because they impede upon states'

rights to resolve controversies in their own courts.  *Nichols v. Harbor Venture, Inc.*, 284

F.3d 857, 861 (8th Cir. 2002).  The Court must resolve "all doubts about federal

jurisdiction in favor of remand."  *Transit Cas. Co. v. Certain Underwriters at Lloyd's of*

*London*, 119 F.3d 619, 625 (8th Cir. 1997).

### III.   Application

Although this Court is inclined to agree with defendants' arguments that personal jurisdiction should be addressed before subject matter jurisdiction in these types of cases, based on *Bristol-Myers Squibb Co.*, defendants' removal fails based upon a plain reading of 28 U.S.C. § 1446(c)(1).  "A case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  Here, plaintiffs surely secured advantageous forums by manipulating the groups of plaintiffs in an attempt to prevent federal jurisdiction.  However, this manipulation was legal within the confines of federal statutes and case law at the time and was not done in bad faith.  Although *Bristol-Myers Squibb Co.* may have altered the state of affairs in regards to these mass actions with many out-of-state plaintiffs joining with in-state plaintiffs, it did not create an exception to the strict one year removal statute's application to actions removed based upon diversity in 28 U.S.C. § 1446(c)(1).  The defendants have presented no evidence of bad faith that would establish the exception to this rule.

### IV.   Conclusion

This Court is required to remand this action to state court under 28 U.S.C. § 1446(c)(1) because this action was commenced nearly three years ago and the defendants have not established bad faith on behalf of the plaintiffs.

Accordingly,

5

**IT IS HEREBY ORDERED** that plaintiffs' emergency motion to remand case to state court (#70) is **GRANTED**.

**IT IS FURTHER ORDERED** that all other motions are **DENIED** as moot.

So ordered this 18th day of July, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE